IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| UNITED STATES OF AMERICA | * |
| | * Criminal No. JFM-07-0250 |
| v. | * Civil No. JFM-09-622 |
| | * |
| MAURICE KNIGHT | * |

*****

MEMORANDUM

On February 12, 2008, Maurice Knight pled guilty to a one-count indictment charging him with having been a felon in possession of a firearm in violation of 18 U.S.C. §922(g)(1). Knight pled guilty the same day pursuant to a plea agreement entered into under Fed. R. Crim. P. 11(c)(4), in which Knight and the government agreed that a sentence of 87 months incarceration, to run consecutive to any sentence then imposed upon him, was the appropriate disposition. On March 11, 2009, Knight filed a motion under 28 U.S.C. §2255. The motion will be summarily denied for three reasons.

First, the motion is untimely. As stated above, Knight was sentenced on February 12, 2008. He did not appeal his conviction or sentence. The motion was filed on March 11, 2009. Thus, it is barred by the one-year limitations period set by 28 U.S.C. §2255(f).

Second, the issue he raises in this motion (double jeopardy) could have been raised on direct appeal. It was not. Therefore, his present motion is procedurally barred. *See Bousley v. United States,* 523 U.S. 614, 621 (1998).

Third, Knight's argument fails on the merits. Apparently, his position is that the felon in possession charge was barred by the doctrine of double jeopardy because he possessed the firearm in connection with an assault upon his girlfriend for which he was convicted in state court. Most fundamentally, a prosecution in both federal and state court for even exactly the

same criminal conduct does not constitute double jeopardy because the federal and state governments are different sovereigns. *See, e.g., Heath v. Alabama*, 474 U.S. 82, 88 (1985). Moreover, the crimes of which Knight was convicted were not the same. The assault was a violation of state law, and Knight's possession of a firearm as a convicted felon was a violation of federal law. Knight's contention is that because the fact that the firearm was possessed in connection with the assault resulted in a four-level enhancement under the Sentencing Guidelines, the two crimes became the same. That simply is not the case. Although, if the sentencing had been contested, events of the assault would have been admissible, the purpose of the evidence would not have been to prove the assault but to prove Knight's intention at the time of his illegal possession of a firearm.[1]

A separate order denying Knight's motion is being entered herewith.

DATE:  9/30/2009         /s/
                         J. Frederick Motz
                         United States District Judge

---

[1] It is also to be noted that Knight received a substantial benefit from accepting the negotiated C plea. He received a sentence of 87 months imprisonment. If he had not accepted this disposition and if this court had found that he possessed a firearm in connection with an attempt to murder his girlfriend, he would have been subject to a Guideline range of 100 to 125 months.